CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

04/01/2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| KEVIN K., | ) | |
| Plaintiff, | ) | Civil Action No. 5:25-cv-00067 |
| | ) | |
| v. | ) | <u>REPORT & RECOMMENDATION</u> |
| | ) | |
| FRANK BISIGNANO, | ) | By:   Joel C. Hoppe |
| Commissioner of Social Security, | ) | United States Magistrate Judge |
| Defendant. | ) | |

In July 2025, Plaintiff Kevin K. filed a pro se complaint asking this Court to review the

Commissioner of Social Security's "final decision" denying his claim for disability insurance

benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. *See* Compl. 1,

ECF No. 1. On October 30, the Commissioner filed a Motion to Dismiss under Rule 12(b)(6) or,

alternatively, for Summary Judgment under Rules 12(d) and 56(a), ECF No. 13, and a supporting

declaration with exhibits, ECF No. 13-2. The Commissioner argues that Kevin's DIB claim is

still before the Appeals Council and, as such, "there is no 'final decision' as required to obtain

judicial review." Def.'s Br. 1 (quoting 42 U.S.C. § 405(g)), ECF No. 13-1.

On November 17, 2025, Kevin filed a "Motion to Stay Proceedings,"[1] ECF No. 15, with

photocopies of screenshots "from the SSA online portal" allegedly showing information about

his DIB claim, *see* ECF Nos. 15-1 to 15-5. One screenshot indicates that SSA "made a decision

to **deny** [Kevin's] appeal on **May 12, 2025**." Pl.'s Mot. Ex. B, ECF No. 15-3. This information

appears to conflict with the Commissioner's evidence that Kevin "requested review" of the

ALJ's unfavorable decision "[o]n May 27, 2025," and that this request is "pending with the

---

[1] I denied Kevin's motion to stay, ECF No. 15, by separate order. Because Kevin is pro se, however, I will also construe this filing as Kevin's timely filed "responsive brief and supporting documents" addressing the Commissioner's dispositive motion, W.D. Va. Civ. R. 11(c)(1). *See also* W.D. Va. *Roseboro* Notice, ECF No. 14 (Oct. 30, 2025).

1

Appeals Council" as of October 30, 2025. ECF No. 13-2. Kevin argues that his "appeal was properly filed, accepted, and placed under review" by the Appeals Council and that the Commissioner should "clarify the status of Appeals Council review." Pl.'s Mot. 1. The Commissioner did not file a reply brief within the time allowed. *See* W.D. Va. Civ. R. 11(c).

## I. Legal Framework

The Social Security Act creates the exclusive path for a claimant to seek judicial review of the Commissioner's "final decision" denying a claim for disability benefits. *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (citing 42 U.S.C. §§ 405(g)–(h)). Under § 405(g),

> [a]ny individual, *after any final decision* of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). This section "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.'" *Smith*, 587 U.S. at 478 (quoting *Mathews v. Eldridge*, 424 U.S. 318, 328 (1976)). Kevin's case "involves the latter, nonjurisdictional element of administrative exhaustion," *id. See* Def.'s Br. 1 n.1 (citing *L.N.P. v. Kijakazi*, 64 F.4th 577, 581 (4th Cir. 2023) (explaining that a failure to exhaust under § 405(g) "is not [a] jurisdictional" bar to suit, but exhaustion is "nonetheless . . . a mandatory requirement of the Social Security Act that may be excused only in a narrow set of circumstances")).

"Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court." *Smith*, 587 U.S. at 475–76; *see* 20 C.F.R. § 404.900(a). "First, the claimant must seek an initial determination as to his eligibility." *Smith*, 587 U.S. at 476. "Second, the claimant must seek reconsideration of the initial determination." *Id.*; *see* 20

C.F.R. § 404.907. Third, the claimant must request and attend a hearing conducted by an

Administrative Law Judge ("ALJ"). *See Smith*, 587 U.S. at 476; 20 C.F.R. § 404.929. The ALJ

then issues a written decision explaining why the claimant is not entitled to disability benefits.

*See* 20 C.F.R. § 404.953. Fourth, the claimant "must seek review of the ALJ's decision by the

Appeals Council," *Smith*, 587 U.S. at 476, which will "deny," "dismiss," or "grant the request"

for review, 20 C.F.R. § 404.967.[2] The Appeals Council's decision to "deny" such request means

that the ALJ's hearing-level decision is "the final decision" of the Commissioner of Social

Security. *Meyer v. Astrue*, 662 F.3d 700, 702 (4th Cir. 2011); *see* 20 C.F.R. § 404.981. "If a

claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to

judicial review in federal district court." *Smith*, 587 U.S. at 476.

This "statutory sequence is mandatory." *L.N.P.*, 64 F.4th at 584. While the Commissioner

may "waive the exhaustion requirement," *id.*, a federal court can "excuse" a plaintiff-claimant's

failure to exhaust "only in a narrow set of circumstances," *id.* at 581. *See id.* at 584, 586–89

(discussing *Bowen v. City of New York*, 476 U.S. 467 (1986)). The Supreme Court has identified

three such circumstances: (1) the plaintiff's claims "are collateral to the claim for benefits"; (2)

the plaintiff "would be irreparably injured were the exhaustion requirement now enforced"; and

(3) requiring exhaustion would be "futile." *Bowen*, 476 U.S. at 483–85; *see L.N.P.*, 64 F.4th at

584. Exhaustion is an affirmative defense. *L.N.P.*, 64 F.4th at 585–86 (citing *Jones v. Bock*, 549

U.S. 199, 211–12 (2007)). Thus, the burden is on the Commissioner to plead and prove that "the

exhaustion requirement has [not] been satisfied" and "should [not] be excused" in the plaintiff's

case. *See id.*

---

[2] Separately, "[a]nytime within 60 days after the date of a decision . . . that is subject to review under this
section, the Appeals Council may decide on its own to review the action that was taken in [the claimant's]
case." 20 C.F.R. § 404.969(a).

II. Background[3]

Kevin applied for DIB in September 2022. Podraza Decl. ¶ 3(a); *id.* Ex. 1 (Sept. 6, 2022). Virginia Disability Determination Services found Kevin "not disabled" upon initial review in July 2023 and upon reconsideration review in June 2024. *See* Podraza Decl. ¶ 3(a)–(c); *id.* Ex. 2 (July 12, 2023); *id.* Ex. 4 (June 6, 2024); Pl.'s Mot. 1 ¶ II(1)–(2). That October, Kevin appeared and testified at a hearing before ALJ Gary Ball. *See* Podraza Decl. Ex. 6, ECF No. 13-2, at 21. ALJ Ball issued a written decision denying Kevin's DIB claim on April 29, 2025. *See* Compl. 2; Podraza Decl. ¶ 3(c); Podraza Decl. Ex. 6 (Apr. 29, 2025). On May 15, 2025, Kevin completed and signed a standard form "request[ing] that the Appeals Council review" ALJ Ball's decision. Podraza Decl. Ex. 7, ECF No. 13-2, at 44. The SSA received this form on May 27, 2025. *See id.* at 42–43. Ms. Podraza attests that May 27, 2025, is the date on which Kevin "requested review" of the ALJ's decision. Podraza Decl. ¶ 3(d). As of October 30, "[t]he request for review is currently pending with the Appeals Council." *Id.*

\*

Kevin filed this action on July 11, 2025. Compl., ECF No. 1. He asks the Court to review ALJ Ball's decision dated April 29, 2025. *See id.* at 2–3. Under "Procedural History," Kevin alleges that he "filed a timely Request for Review with the Appeals Council, *which upheld the ALJ's decision*, making it the final decision of the Commissioner. This action is filed within the required 60-day period *from the date of receipt* of notice of the Appeals Council's *denial*." *Id.* at

---

[3] The facts below are undisputed. Def.'s Br. 1–2; Pl.'s Mot. 1. They come from Kevin's pro se complaint, ECF No. 1; the Declaration of Janay Podraza dated October 30, 2025, ECF No. 13-2, at 1–3; the claim-related administrative documents attached as exhibits to Ms. Podraza's declaration, ECF No. 13-2, at 4–53; and Kevin's subsequent pro se motion, ECF No. 15, and responsive exhibits attached thereto, ECF Nos. 15-2, 15-3, 15-4. Kevin did not object to the Commissioner's exhibits. Pl.'s Mot. 1–2; *see* Fed. R. Civ. P. 56(c); *Suiter v. GM – Gen. Motors*, No. 5:24cv54, 2026 WL 701683, at *2 n.2 (W.D. Va. Mar. 12, 2026) (Yoon, J.).

2 (emphasis added). On October 30, the Commissioner moved to dismiss Kevin's complaint

under Rule 12(b)(6) or, alternatively, for summary judgment, because his request to review the

ALJ's decision was still pending before the Appeals Council. *See* Def.'s Br. 2 (citing Podraza

Decl. ¶ 3; *id.* Ex. 7). Thus, "there is no 'final decision' as required to obtain judicial review under

the Social Security Act." *Id.* at 1 (quoting 42 U.S.C. § 405(g)).

The Court sent Kevin a copy of its standard *Roseboro* Notice the same day. ECF No. 14.

The Notice states that Kevin has 28 days to respond to the Commissioner's "Motion to Dismiss

and/or for Summary Judgment" and explains the kind(s) of information and/or evidence that a

plaintiff must produce in order "[t]o survive" both a Rule 12(b)(6) motion to dismiss and a Rule

56 motion for summary judgment. *See id.* at 1–2. On November 17, Kevin filed a responsive

motion, ECF No. 15, and photocopies of screenshots "from the SSA online portal" allegedly

showing information about the DIB claim referenced in his complaint, ECF Nos. 15-1 to 15-5.

Kevin's filing includes statements about information shown in the screenshots marked

Exhibits A, B, and C.[4] *See* Pl.'s Mot. 1; Pl.'s Mot. Ex. List 1, ECF No. 15-1. Exhibit A reads in

relevant part:

> **The Appeals Council is reviewing the decision issued by the Administrative
> Law Judge (ALJ) on April 29, 2025.**
>
> The Administrative Law Judge (ALJ) decision is currently under review by the
> Appeals Council. If the Appeals Council decides to take action on your case, it will
> send you a notice within 60 days of the date of the ALJ decision.

---

[4] To the extent any statement is based on Kevin's personal knowledge, Fed. R. Civ. P. 56(c)(4), this filing is not "subscribed by him[] as true under penalty of perjury," 28 U.S.C. § 1746. *See Simply Wireless, Inc. v. T-Mobile US, Inc.*, 115 F.4th 266, 274 n.10 (4th Cir. 2024); Fed. R. Civ. P. 56(c)(4), advisory committee's note to 2010 amendment. Accordingly, the Court cannot consider Kevin's statements as evidence on summary judgment. *See Simmons v. Whitaker*, 106 F.4th 379, 386–87 (4th Cir. 2024); *Lake v. Adams*, 453 F. Supp. 3d 879, 881 (W.D. Va. 2020). Because the Commissioner did not object to Kevin's exhibits, however, they may be included in the summary judgment record. *Suiter*, 2026 WL 701683, at *2 n.2.

> If the Appeals Council does not take any action on your case and you did not file an appeal, we will continue processing your case.

*Id.* Ex. A (undated screenshot), ECF No. 15-2. Kevin says this information "[d]emonstrates that [his] appeal was properly filed, accepted, and placed under Appeals Council review." *See* Pl.'s Mot. Ex. List, ECF No. 15-1, at 1. Exhibit B reads:

> Your Benefit Applications
>
> Disability Benefits **Hearing**
>
> **We have processed 4 of 4 steps of your appeal**
>
> We made a decision to **deny** your appeal on **May 12, 2025.**

*Id.* Ex. B, ECF No. 15-3. This screenshot appears to have been captured at 12:05 a.m. on July 9, 2025. *See id.* Kevin asserts that it "[s]hows SSA completed the appeals process, confirming the appeal was docketed and acted upon." Pl.'s Mot. Ex. List, ECF No. 15-1, at 1. Finally, Exhibit C reads in relevant part:

> Your Benefits Applications
>
> Disability Benefits **Appeals Council**
>
> **The Appeals Council has begun its review of the Administrative Law Judge (ALJ) decision on April 29, 2025 and will begin reviewing the information in your case.**
>
> . . .
>
> **The Appeals Council has begun its review of the ALJ's decision on its own.**
>
> If the Appeals Council decides to take action on your case, it will send you a notice within 60 days of the date of the ALJ decision.
>
> If the Appeals Council does not take any action on your case and you did not file an appeal, we will continue [remainder of image cut off].

*Id.* Ex. C (undated screenshot), ECF No. 15-4. Kevin says this screenshot "[p]roves Appeals Council jurisdiction was triggered." Pl.'s Mot. Ex. List, 15-1, at 1.

Liberally construed, the statement "We made a decision to **deny** your appeal on **May 12, 2025,**" Pl.'s Mot. Ex. B, appears to conflict with Ms. Podraza's declaration that Kevin "requested review" of ALJ Ball's decision "[o]n May 27, 2025," and that "[t]he request for review [was] . . .

6

pending with the Appeals Council" as of October 30, 2025, Podraza Decl. ¶ 3(d). It also conflicts with the Commissioner's exhibit showing that Kevin signed his request for Appeals Council review on May 15, 2025. *See* Podraza Decl. Ex. 7. Presumably, the Appeals Council did not "deci[de] to deny [Kevin's] appeal" of ALJ Ball's decision even before he initiated it. *See* 20 C.F.R. §§ 404.967, 404.968, 404.981. Nonetheless, Kevin does not dispute any of the key dates listed in Ms. Podraza's declaration. *Compare* Podraza Decl. ¶ 3(a)–(e), *with* Pl.'s Mot. 1 ¶ II.

### III. Discussion

Because exhaustion is an affirmative defense, the burden is on the Commissioner to show that Kevin failed to meet § 405(g)'s exhaustion requirement before he filed this lawsuit and that his failure to do so should not be excused. *See L.N.P.*, 64 F.4th at 585–86. The court may resolve these issues on a Rule 12(b)(6) motion to dismiss "only in the relatively rare circumstances when all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Id.* at 586 (cleaned up). If matters outside the complaint "are presented to and not excluded by the court," it must convert the Rule 12(b)(6) motion to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Kevin alleges that he "timely *filed a Request for Review with the Appeals Council, which upheld the ALJ's decision*, making it the final decision of the Commissioner. This action is filed within the required *60-day period from the date of receipt of the Appeals Council's denial*." Compl. 2 (emphasis added). The italicized allegations support a reasonable inference that Kevin received "the Appeal's Council's denial" of his request to review ALJ Ball's decision some time between May 12, 2025, and July 11, 2025. *See id.* And if those facts are true, which the court must assume they are on a Rule 12(b)(6) motion, then Kevin's complaint does not contain all the facts necessary to show that this same "request for review [was] . . . pending with the Appeals

7

Council," Podraza Decl. ¶ 3(d), when Kevin filed this lawsuit. *Cf. L.N.P*, 64 F.4th at 584–85. On

the contrary, it shows Kevin sought judicial review of ALJ Ball's decision only "*after* [obtaining

a] final decision . . . made after a hearing," 42 U.S.C. § 405(g) (emphasis added). *See Meyer*, 662

F.3d at 702; 20 C.F.R. § 404.981. Both parties also presented matters beyond Kevin's complaint

that are pertinent to resolving the Commissioner's exhaustion defense. *See* ECF Nos. 13, 15.

Accordingly, the Court must convert the Rule 12(b)(6) motion to one for summary judgment.

*See, e.g.*, *Laconya C. v. Dudek*, No. 3:23cv830, 2025 WL 606451, at *4–5 (E.D. Va. Feb. 24,

2025) (citing Fed. R. Civ. P. 12(d)).

Rule 12(d) requires that the parties "be given a reasonable opportunity to present all the

material that is pertinent to the motion." Fed. R. Civ. P. 12(d). On October 30, the Court sent

Kevin a *Roseboro* Notice giving him 28 days to respond to the Commissioner's "Motion to

Dismiss and/or for Summary Judgment." ECF No. 14. The Notice states, "If either Plaintiff or

Defendant(s) submits information beyond the allegations in the complaint, such as evidence,

documents or affidavits, the Court may construe the [Rule 12(b)(6)] Motion as a Motion for

Summary Judgment under Rule 56." *Id.* at 1. It then explains what the nonmoving party must do

"[t]o survive summary judgment" if the movant demonstrates "the absence of a genuine issue of

material fact." *Id.* On November 17, Kevin submitted responsive materials addressing the merits

of the Commissioner's exhaustion defense. *See* ECF No. 15. The *Roseboro* Notice, as well as

Kevin's timely response, satisfies Rule 12(d). *See, e.g.*, *Jerome G. v. Bisignano*, Civ. No. SAG-

24-3556, 2025 WL 2161235, at *1 (D. Md. July 30, 2025) (collecting cases); *Cobb v. Haug*, No.

7:22cv610, 2023 WL 6304866, at *2 (W.D. Va. Sept. 27, 2023).

A.    *Standard of Review*

"A party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A "*genuine* issue of *material* fact" exists when proffered evidence that would be admissible at trial, viewed in the light most favorable to the nonmoving party, "is such that a reasonable jury could return a verdict for the nonmoving party" on a disputed "fact[] that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

"[T]he party seeking summary judgment bears [the] initial burden of demonstrating the absence of a genuine issue of material fact." *Bouchat v. Balt. Ravens Football Club*, 346 F.3d at 522 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where, as here, the movant seeks summary judgment on an affirmative defense, it must conclusively establish all essential elements of that defense" to meet the initial burden. *Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294, 299 (4th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 331). Once "the defendant has produced sufficient evidence in support of its affirmative defense, the burden shifts to the plaintiff to come forward with specific facts showing that there is a genuine issue for trial." *Id.* (cleaned up). "Under this standard, 'the mere existence of a scintilla of evidence' in favor of the [plaintiff's] position is insufficient to withstand the summary judgment motion." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021) (quoting *Anderson*, 477 U.S. at 252). Conclusory allegations and denials, unsupported by any evidence, also are not enough. *See id.* If the plaintiff "fails to properly address" the defendant's "assertion of fact as required by Rule 56(c)(1), the court may[] consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

*B.*      *Analysis*

On July 11, 2025, Kevin filed this action seeking judicial review of ALJ Ball's

unfavorable decision. The Commissioner argues there was "no 'final decision' as required to

obtain judicial review" on that date because Kevin had not yet exhausted his administrative

remedies. Def.'s Br. 1. Specifically, while Kevin "requested review" of the ALJ's decision "[o]n

May 27, 2025," this request was "pending with the Appeal Council" in October 2025. Podraza

Decl. ¶ 3(d); *id.* Ex. 7; *cf. Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request

review from the [Appeals] Council, there is no final decision and, as a result, no judicial review

in most cases."). Section 405(g) did not allow Kevin to file this lawsuit *at least* until the Appeals

Council denied or dismissed his request for review because, absent that action, there is no "final

decision" on his DIB claim. *See, e.g.*, *Laconya C.*, 2025 WL 606451, at \*3, \*5; *accord Smith*,

587 U.S. at 474 ("[T]he Appeals Council's dismissal of Smith's claim is a 'final decision . . .

made after a hearing' so as to allow judicial review under § 405(g)."); *Sims*, 530 U.S. at 106–07

("[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is

the Commissioner's final decision. But if, as here, the Council denies the request for review, the

ALJ's opinion becomes the final decision."). Ms. Podraza's declaration establishes that Kevin

had not received the Commissioner's "final decision" on July 11, 2025. *See Laconya C.*, 2025

WL 606451, at \*5 (uncontested declaration established that plaintiff filed § 405(g) action while

her "appeal remains under SSA review" and she therefore "has not received a final decision of

the Commissioner—a prerequisite to filing suit").

The burden now shifts to Kevin to show a genuine dispute over this material fact. He has

not done so. At most, Kevin points to a screenshot "from the SSA online portal" indicating that

SSA "made a decision to **deny** [his] appeal on **May 12, 2025**." Pl.'s Ex. B. Viewed as a whole,

Kevin's exhibits suggest this denial was made at the "Hearing" level, *id.*, before the "Appeals Council ha[d] begun its review of the ALJ's decision on its own," Pl.'s Ex. C ("Appeals Council"). Indeed, each of the screenshots referencing the Appeals Council indicates that it was reviewing the ALJ's decision. *See* Pl.'s Ex. A ("The Appeals Council is reviewing the decision issued by the [ALJ] on April 29, 2025."); Pl.'s Ex. C ("The Appeals Council has begun its review of the [ALJ] decision on April 29, 2025 and will begin reviewing the information in your case."). Even liberally construed in Kevin's favor, his exhibits do not contradict Ms. Podraza's assertions that Kevin submitted his request for review "[o]n May 27, 2025," and that this request was "pending with the Appeals Council"[5] as of October 30, 2025. Podraza Decl. ¶ 3(d); *see* Fed. R. Civ. P. 56(e)(2). Moreover, the Commissioner produced a copy of the actual form Kevin submitted "request[ing] that the Appeals Council review" ALJ Ball's decision. Podraza Decl. Ex. 7. Kevin signed this form on "5/15/2025." *Id.* No reasonable jury could conclude that the Appeals Council "denied" Kevin's request for review and "upheld the ALJ's decision," Compl. 2, three days *before* Kevin sought such review. *Cf. Suiter*, 2026 WL 701683, at *8 ("Suiter is unable to demonstrate that a genuine dispute of material fact remains as to these start and end dates.").

The Commissioner has also shown that Kevin's failure to exhaust should not be excused in this case. Def.'s Br. 6–7; *see Laconya C.*, 2025 WL 606451, at *5–6. First, Kevin's lawsuit is not "collateral" to his claim for disability benefits—it *is* a claim for benefits. Def.'s Br. 6 (citing Compl.); *see Steven C. v. Dudek*, No. 3:24cv322, 2025 WL 819111, at *6 (E.D. Va. Mar. 14,

---

[5] The facts that Kevin's request "was properly filed, accepted, and placed under review" by the Appeals Council, Pl.'s Mot. 1, are *necessary* steps to obtaining a final decision under § 405(g). But they are not *sufficient* to achieve this result. *See Laconya C.*, 2025 WL 606451, at *5–6. The Appeals Council must also deny Kevin's request before ALJ Ball's decision becomes the Commissioner's "final decision" that he is not entitled to disability benefits. *See Sims*, 530 U.S. at 107. The undisputed facts show that the Appeals Council had not denied Kevin's request when he filed this lawsuit. *See Laconya C.*, 2025 WL 606451, at *5–6.

11

2025) ("Plaintiff's claims, which challenge the denial of benefits, are not collateral to a claim for benefits."). Second, Kevin does not allege that he would be "irreparably injured," *Bowen*, 476 U.S. at 483, if he must wait for the Appeals Council to resolve his DIB claim before coming to federal court. *See* Pl.'s Mot. 1. Although Kevin expresses some concern about preserving his appellate rights, *id.*, this Court can (and should) dismiss the action without prejudice so Kevin can file a new lawsuit after he obtains a final decision. *L.N.P.*, 64 F.4th at 589; *Laconya C.*, 2025 WL 606451, at *5–6. Third, Kevin does not allege that exhaustion would be "futile," *Bowen*, 476 U.S. at 485. *See* Pl.'s Mot. 1–2. Allowing the Appeals Council to resolve Kevin's DIB claim may result in a favorable decision. Def.'s Br. 7; *cf. L.N.P.*, 64 F.4th at 588–89. Even if it does not, requiring Kevin to complete the fourth and final step in the administrative process gives the Commissioner "an opportunity to correct its own errors, to afford the parties and the courts the benefits of its experience and expertise, and to compile a record" that permits judicial review. *Bowen*, 476 U.S. at 484 (internal quotation marks omitted); *see, e.g.*, *Steven C.*, 2025 WL 819111, at *6 (citing *L.N.P.*, 64 F.4th at 589).

## IV. Conclusion

For the foregoing reasons, I respectfully recommend that the Presiding District Judge **GRANT** the Commissioner of Social Secuity's motion for summary judgment, ECF No. 13, and **DISMISS** Kevin's complaint, ECF No. 1, **WITHOUT PREJUDICE** to refiling after he obtains a final decision under 42 U.S.C. § 405(g).

### **<u>Notice to Parties</u>**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the presiding District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: April 1, 2026

Joel C. Hoppe
United States Magistrate Judge

13